(731 P.2d 884)

No. 59,035

ROBERTA MILDFELT, *Appellant,* v. STATE OF KANSAS, ex rel. State Department of Social and Rehabilitation Services, *Appellee.*

—

■ Opinion filed January 29, 1987. ■

*Deborah A. Peterson* and *Marilyn Harp,* of Legal Services of Wichita, for appellant.

*Michael George,* staff counsel, and *Bradley L. Keil,* legal intern, of the State Department of Social and Rehabilitation Services, of Topeka, for appellee.

Before DAVIS, P.J., PARKS and MEYER, JJ.

MEYER, J.: Appellant Roberta Mildfelt appeals the district court's affirmance of a Social and Rehabilitation Services (SRS) administrative hearing officer's ruling which denied appellant eligibility for food stamps and medical assistance because of changes she made on the application form.

Appellant wrote "no" and certain other modifying language on various parts of her application. Her position is exemplified by her response to that part of the form dealing with general investigation authorization. Her response was, "I do not give SRS permission to contact anyone other than Concordia SRS without specific written permission from me. I will furnish all written requested info." Appellant states the confidentiality of her receiving public assistance is important to her, and that to preserve her dignity she preferred to contact her landlord, her employer, and school to obtain the necessary verifying information. She further contends that only if the documentation furnished by her is suspect should the SRS be permitted to make direct inquiry.

This case would have been more amenable to solution had the Income Maintenance worker who conducted the initial inter-

view attempted to obtain information. Unfortunately it seems apparent that once the I.M. worker noticed the alterations and restrictive language, he arrived at the perhaps unwarranted conclusion that attempts to obtain information would be futile and forthwith denied the application. For this reason it is not possible for us to determine whether verification of appellant's true financial posture was obtainable.

In any event, following SRS denial of benefits, appellant appealed to an SRS hearing officer, then to the SRS State Appeals Committee. When each of these steps resulted in denial of benefits to appellant, she appealed to the Sedgwick County District Court. That court, concluding it lacked venue, transferred the case to the district court of Shawnee County. When Shawnee County District Court also denied benefits to claimant she brought her appeal to this court.

We first address the issue of venue. In her brief appellant contends that the Shawnee County court lacked venue, although at oral argument it seemed clear that she wanted us to consider the case on its merits. As inferred above, it would be difficult for us to do this because of the failure of SRS to make specific requests for information, and we do not know what a proper investigation might have revealed. Indeed, appellant very nearly waived the venue issue at the hearing before us. However, when specifically asked, she did not say she would waive the venue issue. In part, at least, appellant's concession, ineffective because not specific, was based on her apparent belief that venue had been changed by statute since the instant case was decided. Conceptually this is wrong because a statute cannot validate past venue, if in fact it was lacking when the matter was heard. Moreover, as we interpret the statute, in a case such as the instant one, venue would remain in Sedgwick County in any event. In K.S.A. 1986 Supp. 77-609, we find the following:

"(b) Except as otherwise provided by K.S.A. 8-259, 31-144, 44-556, 72-5430a and 74-2426, and amendments thereto, venue is in the county in which the order or agency action is entered or is effective or the rule and regulation is promulgated."

As will be discussed at a later point herein, the language of this act, insofar as the instant case is concerned, has the same effect as the act which was in effect when the instant case was heard.

Appellant's appeal for judicial review of the agency's action is governed by the Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq.* The Act specifically addresses the question of venue in actions brought pursuant to it. K.S.A. 77-609(b) provides:

"Except as otherwise specifically prescribed by law, *venue is in the county in which the [agency's] order is entered or the rule and regulation is promulgated.*"

First, we note this action involves an "order" rather than a "rule and regulation."

An "order" is defined as:

". . . an agency action of particular applicability that determines the legal rights, duties, privileges, immunities or other legal interests of one or more specific persons." K.S.A. 77-602(e).

Because the case involved an agency's order (that is, the denial of benefits to appellant), proper venue lay "in the county in which the order is entered." K.S.A. 77-609(b). We find no cases defining this phrase nor, in fact, do we find any cases interpreting the Act for Judicial Review and Civil Enforcement of Agency Actions.

Despite the fact we find no Kansas case interpreting K.S.A. 77-609(b), a Kansas case has interpreted similar language that was once contained in K.S.A. 60-2101(d). That statute, like the one governing this action, provided for the judicial review of administrative orders. Subsection d of that statute (now repealed in favor of the current Act) provided:

"A judgment rendered or final order made by an administrative board or officer exercising judicial or quasi-judicial functions may be reversed, vacated or modified by the district court on appeal. If no other means for perfecting such appeal is provided by law, it shall be sufficient for an aggrieved party to file a notice that such party is appealing from such judgment or order with such board or officer within thirty (30) days of its entry, and then causing true copies of all pertinent proceedings before such board or officer to be prepared and *filed with the clerk of the district court in the county in which such judgment or order was entered.*" K.S.A. 60-2101(d). (Emphasis added.)

Since the emphasized portion of K.S.A. 60-2101(d) is identical in meaning and almost identical in language with the venue provision contained in K.S.A. 77-609(b), cases dealing with K.S.A. 60-2101(d) are persuasive. Thus, *Powers v. State Department of Social Welfare,* 208 Kan. 605, 493 P.2d 590 (1972), which inter-

prets 60-2101(d), is of relevance here. *Powers,* like the present case, involved the denial of welfare benefits to the appellant, Helen Powers, due to her refusal to submit to a required medical examination. *Powers,* 208 Kan. at 606. The appellant was a resident of Wyandotte County, and that county's board of social welfare initially denied appellant welfare benefits. The State Appeals Committee, located in Shawnee County, affirmed the hearing officer's denial of benefits. Appellant appealed this decision to Wyandotte County District Court pursuant to K.S.A. 60-2101(d). The appellee State Board contended that venue was improper in Wyandotte County because the order appealed from came from the State Appeals Committee, and that Shawnee County would be the proper situs for venue purposes. *Powers,* 208 Kan. at 607, 609.

The supreme court disagreed, and concluded that the Wyandotte County District Court was correct in not dismissing the case for improper venue. The court recognized that the applicable statute required venue to be in the district court of the county in which such judgment or order was entered. *Cf.* K.S.A. 77-609(b). The court, looking at a variety of factors, held that proper venue for the judicial review of the action lay in Wyandotte County. *Powers,* 208 Kan. at 611. The court stated:

"Hence the venue for this appeal is properly in Wyandotte County where appellant resides, where the application for welfare benefits was originally filed and denied by the Wyandotte County Welfare Department, where the hearing on appeal was held and where the State Appeals Committee was required to file its decision." *Powers,* 208 Kan. at 611.

Similarly in the present case, the appellant initially applied for food stamps and medical assistance in Sedgwick County. That county's SRS office denied appellant's application. Appellant lives in Sedgwick County. Furthermore, the effects of the decision are wholly within Sedgwick County; the food stamps would have been issued and used in Sedgwick County and the medical assistance, had it been granted, would have been rendered in Sedgwick County. Based upon the similarities of the applicable statutes in the *Powers* and the instant case, and the similarity of the facts, we conclude that the proper venue for the judicial review of the State Appeals Committee's decision lay in Sedgwick County. Since we conclude we must reverse the trial court

because of its erroneous decision as to venue, we hold this case must be remanded to the Shawnee County District Court for further proceedings consistent with this opinion.

Reversed and remanded.